UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>AGUSTIN GUTIERREZ VALENCIA, et al.,<br><br>                Defendants. | CASE NO. 2:22-cr-00151-LK<br><br>ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL DATE |

This matter comes before the Court on the parties' Stipulated Motion to Continue Trial. Dkt. No. 117.[1] The Government and Defendants jointly move to continue the trial date from June 5, 2023 to April 1, 2024, and to continue the pretrial motions deadline accordingly. *Id.* at 1.[2]

---

[1] The same stipulated motion was simultaneously filed in a related case, *United States v. Valenzuela Haro*, 22-cr-00190-LK, Dkt. No. 25 (W.D. Wash. Apr. 24, 2023).

[2] The Court notes that the parties' motion was filed on the same day as the pretrial motions deadline. *See* Dkt. Nos. 97, 117. Pursuant to Section I.A. of this Court's Standing Order for All Criminal Cases, motions to continue the trial date and pretrial motions deadline must be made prior to the pretrial motions deadline. The Court expects strict compliance with its Standing Order and the applicable laws and rules moving forward, and cautions the parties that "a failure to timely raise a pretrial objection required by Rule 12, absent a showing of good cause, constitutes a waiver." *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up).

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL DATE - 1

On September 21, 2022, the Grand Jury returned an indictment charging the six Defendants in this case with five counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Dkt. No. 38 at 1–6. The case arises from a significant investigation into a large-scale methamphetamine distribution operation which resulted in several law enforcement operations and related cases, including the multi-defendant indictment in *United States v. Paleo*, No. 22-cr-00180-LK (W.D. Wash.). Dkt. No. 117 at 2–3 & n.1. Although the Government has already produced the "core wiretap discovery to counsel for all of the Defendants in all of the related cases," including wiretap pleadings, wire intercepts sessions, and over 2,000 pages of discovery, it is continuing to produce outstanding discovery. *Id.* at 4. According to the Government, "[t]he remaining discovery includes multiple surveillance reports and photographs, additional reports from the takedown, as well as nearly 68 terabytes of data from pole cameras that were used throughout the investigation," as well as "location data for multiple vehicle tracking warrants, and GPS data for cell phones." *Id.* Due to the large number of Defendants and the "voluminous" discovery, the parties contend that this case is "'complex,' within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii)." *Id.* Thus, the parties agree that a continuance is necessary because counsel needs additional time to review discovery, explore potential pretrial motions, and prepare for trial. *Id.* at 5. All six Defendants in this case have filed speedy trial waivers. Dkt. No. 115 at 1 (Jesus Toledo Pardo waiving his speedy trial rights "from the present until two weeks beyond the new trial date set by the Court."); Dkt. No. 116 (Ernesto Casillas waiving his speedy trial rights through April 30, 2024); Dkt. No. 123 (Daniel Vazquez-Arroyo waiving his speedy trial rights and consenting to a trial date no later than May 15, 2024); Dkt. No. 127 (Benigno Hernandez-Arellano, charged as Ivan Santos Arellano, waiving his speedy trial rights through April 30, 2024); Dkt. No. 131 (Rosalio Reynoso Arellano waiving his speedy trial

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL DATE - 2

rights and stating, "I further agree and understand that the time through May 10, 2024 is excludable under the Speedy Trial Act."); Dkt. No. 132 (Agustin Gutierrez-Valencia waiving his speedy trial rights through April 28, 2024).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to obtain and review the extensive discovery, prepare pretrial motions and defenses, consult with their clients, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Defendants reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the parties' motion, Dkt. No. 117, and ORDERS that the trial date for Defendants shall be continued from June 5, 2023 to April 1, 2024, and that the pretrial motions deadline shall be continued from April 24, 2023 to February 19, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which their trial must commence under the Speedy Trial Act.

Dated this 26th day of May, 2023.

Lauren King
United States District Judge