UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>AGUSTIN GUTIERREZ VALENCIA,<br><br>Defendant. | CASE NO. 2:22-cr-00151-LK<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on the Government's unopposed motion to seal Exhibit A of its sentencing memorandum. Dkt. No. 295. The Government states that Exhibit A (Linesheets) contain "the contents of judicially authorized interception of wire and oral communications," including communications from individuals who have not been charged in this matter, and 18 U.S.C. § 2517 "requires that these wiretap interceptions be sealed and remain so except under narrowly defined circumstances, including while giving testimony under oath." *Id.* at 1; *see also* Dkt. No. 296 (sealed Exhibit A).

ORDER GRANTING MOTION TO SEAL - 1

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). However, Section 2517 limits when information collected from wiretapping may be disclosed. Courts in the Ninth Circuit have interpreted the statutory provisions as "prohibiting the public disclosure of [wiretapping] material until after it has been admitted into evidence in a criminal trial or at a suppression hearing." *United States v. Rand*, No. 3:16-cr-00029-MMD-WGC, 2016 WL 6208265, at *3 (D. Nev. Oct. 24, 2016); *see also United States v. Kwok Cheung Chow*, No. 14-cr-00196-CRB (JCS), 2015 WL 5094744, at *3 (N.D. Cal. Aug. 28, 2015) ("Courts have generally held that in light of Title III's purpose of safeguarding privacy, the statute's list of permissible disclosures is exclusive—in other words, 'what is not permitted [under § 2517] is forbidden.'" (quoting *United States v. Dorfman*, 690 F.2d 1230, 1234 (7th Cir. 1982)).

The Court has reviewed the document at issue, which comprises the contents of judicially authorized interceptions of wire and oral communications, including communications with individuals who have not been charged in this matter. Dkt. No. 295 at 1. Redaction is not a feasible alternative to sealing. The Court finds that the document may remain under seal pursuant to 18 U.S.C. § 2517. *See Kwok Cheung Chow*, 2015 WL 5094744, at *7.

The Court therefore GRANTS the motion to seal. Dkt. No. 295. Exhibit A may remain under seal. Dkt. No. 296.

Dated this 11th day of April, 2025.

Lauren King
United States District Judge